# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., ) | | |
| MARVIN FRYE, #B-14665 ) | | |
| ) | | |
| Petitioner, ) | | Case No. 05 C 2279 |
| v. ) | | |
| ) | | |
| GENE JUNGWIRTH, ) | | Judge Joan B. Gottschall |
| ) | | |
| Respondent. ) | | |

## MEMORANDUM OPINION AND ORDER

On September 23, 1998, following a bench trial in the Circuit Court of Cook County, Illinois, petitioner Marvin Frye was convicted of attempted first degree murder and armed robbery. On December 22, 1998, he was sentenced to concurrent terms of imprisonment of 19 years and 15 years, respectively. On April 18, 2005, petitioner filed a petition for writ of habeas corpus in this court. For the reasons explained below, petitioner's petition is denied.

**I.    Background**

The Illinois Appellate Court[1] found the facts to be as follows: During the early morning hours of December 6, 1997, Frye and another individual (the "gunman") robbed and shot at Leroy Wiley as he sat in his car. When the two men approached, Wiley was in the car with his "girlfriend," who immediately fled when Frye and the gunman approached. At trial, Wiley testified that Frye searched the back seat of his vehicle and demanded money from Wiley. When Wiley told Frye that he did not have money, Frye told the gunman to shoot Wiley. When the gunman hesitated,

---

[1] Federal habeas courts must presume that the state court findings of fact are correct unless the habeas petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002). Petitioner makes no argument that the appellate court's findings of fact were erroneous.

Frye struggled to obtain the gun, and the gunman eventually fired one shot into the car. The gunman then fired two more shots into the car with Frye standing at his side. Wiley was able to start his car and he drove away while the gunman continued to shoot at the car. The men ultimately took about $5 and some jewelry from Wiley.

Thereafter, Wiley flagged down a police patrol car about a block from the scene and informed the officers of the robbery. As they drove around looking for the individuals, Wiley observed Frye in a car and alerted the officers, who proceeded to follow the car. The officers eventually curbed the vehicle, and Frye and another individual (not the gunman) jumped out of the car and fled. A chase ensued, and Frye was apprehended and placed under arrest. Wiley identified Frye at the time of his arrest and again at the police station.

At the police station, Wiley spoke with Detective Arbitaitis. On cross-examination, Wiley denied telling Detective Arbitaitis that he had observed Frye get into a pale yellow car after the robbery. Wiley also stated that he did not remember telling Detective Arbitaitis that Frey took the gun and shot at him.

Following a bench trial, the trial court convicted Frye of armed robbery and attempted murder. In announcing its decision, the court stated that it considered the fact that Frye was arrested in close proximity to the crime scene, Wiley's immediate identification of Frye and the fact that Frye fled from the officers. The court also noted Wiley's clear and convincing testimony.

After his motion for a new trial and for reconsideration were denied, petitioner filed a notice of appeal to the Illinois Appellate Court, First Judicial District. After the public defender was appointed to represent petitioner on appeal, the public defender filed a motion for leave to withdraw as appellate counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that there were

no meritorious issues warranting an appeal. Despite being given an opportunity to do so, petitioner never responded to the *Anders* motion. That motion was granted and, on January 12, 2000, the appellate court affirmed the conviction and sentence. On October 3, 2000, petitioner filed a petition for leave to appeal with the Illinois Supreme Court, arguing that his constitutional rights to due process, effective assistance of counsel, and equal protection were violated when the appellate court allowed appointed counsel to withdraw from representing petitioner on appeal. The petition was denied on November 29, 2000.

On October 18, 1999, petitioner filed a *pro se* post-conviction petition, alleging that he was not proven guilty beyond a reasonable doubt and that trial counsel was ineffective in failing to investigate the case and call witnesses. On April 23, 2003, petitioner's counsel filed a supplemental petition, alleging additional bases for trial counsel's ineffectiveness. On June 25, 2003, the trial court dismissed the petition on grounds of *res judicata*. On May 24, 2004, petitioner appealed the dismissal of his post-conviction petition to the Illinois Appellate Court, First Judicial District, arguing that the trial court's dismissal solely on the grounds of *res judicata* was improper because, in light of appellate counsel's *Anders* motion, the issues contained in the petition were neither raised nor adjudicated on direct appeal. On December 14, 2004, the appellate court found that the trial court's dismissal of the post-conviction petition on *res judicata* grounds was incorrect. Notwithstanding the improper dismissal, the appellate court affirmed the judgment of the trial court finding that the substantive claims raised in the supplemental post-conviction petition were without merit. The court did not examine any of the issues in the original, *pro se* petition. On January 14, 2005, petitioner's petition for rehearing was denied. On February 15, 2005, petitioner filed a petition for leave to appeal with the Illinois Supreme Court, arguing that the trial court improperly

3

dismissed petitioner's post-conviction petition[2] on the grounds of *res judicata*. The petition was denied on March 30, 2005.

On April 18, 2005, petitioner filed the instant petition for a writ of habeas corpus. Petitioner claims the following ten grounds for relief: (1) ineffective assistance of trial and appellate counsel for failing to challenge petitioner's conviction and for failing to raise the issues presented in petitioner's supplemental post-conviction petition; (2) ineffective assistance of appellate counsel for failing to raise the ineffectiveness of trial counsel, who failed to move to suppress a custodial show up and identification of petitioner as the assailant by Leroy Wiley; (3) ineffective assistance of trial counsel for failing to conduct a proper investigation in order to prepare an effective cross-examination and impeachment of the State's witnesses; (4) ineffective assistance of trial counsel for failing to call Detective Arbitaitis as a witness to impeach Wiley's testimony; (5) ineffective assistance of trial counsel for failing to preserve the issue that the State failed to prove the necessary state of mind for a conviction of attempted murder; (6) the Illinois Appellate Court violated petitioner's rights to due process, effective assistance of counsel, and equal protection when it allowed appointed counsel to withdraw from representing petitioner; (7) the claims raised in his *pro se* post-conviction petition presented a clear showing of due process violations and ineffective assistance of counsel; (8) the State did not prove petitioner guilty beyond a reasonable doubt; (9) petitioner's due process and equal protection rights were violated because his conviction was secured by the perjured testimony of Wiley; and (10) petitioner's post-conviction petition presented

---

[2] It appears that although petitioner successfully argued the *res judicata* issue on appeal (and lost on the merits), he simply re-filed his appellate brief with the Illinois Supreme Court, thus failing to address any of the arguments made by the Illinois Appellate Court on the merits of his claims.

a substantial showing of a due process violation and ineffective assistance of counsel.

**II.      Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 367 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams*, 529 U.S. at 404. To demonstrate an "unreasonable application" of clearly established federal law, a habeas petitioner must establish that the state court unreasonably applied the controlling legal rule to the facts of the case. *Id.* at 407. The state court's application of Supreme Court precedent must be more than incorrect or erroneous. Rather, it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002) (state court decision must lie "well outside the boundaries of permissible differences of opinion").

A federal court may not review the merits of a claim raised by a state prisoner in a habeas petition unless the petitioner has (1) exhausted all remedies available in state courts; and (2) fairly presented any federal claims in state court first. *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995). A petitioner has exhausted his state court remedies where he has "no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). A petitioner's failure to fairly present each habeas claim to the state's highest

5

court in the time and manner required leads to a default of the claim thus barring the federal court from reviewing the claim's merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "Failure to raise claims on direct or post-conviction review generally results in a waiver of these claims." *Lemons*, 54 F.3d at 360. If a petitioner has defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates: (1) cause for the default and actual prejudice from failing to raise the claim as required; or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

### A. Procedurally Defaulted Claims – Claims One, Two, Three, Four, Five, Seven, Eight, Nine and Ten

With the exception of claim six, all of the claims presented by petitioner have been procedurally defaulted. While some of the claims were alleged in petitioner's supplemental post-conviction petition and presented to the Illinois Appellate Court, they are nonetheless defaulted as petitioner failed to raise any of these claims before the Illinois Supreme Court. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).

Procedurally defaulted claims may be considered by this court only if petitioner can show cause for the default and actual prejudice resulting therefrom, *Gray v. Netherland*, 518 U.S. 152, 161-166 (1996), or show that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner can show cause "by showing that 'some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules.'" *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In his response to the State's answer, petitioner argues that his default should be excused because his counsel's ineffectiveness was the "cause" of the default. While counsel's failure to raise certain issues may fall within the cause and prejudice exception, this "cause" may be considered by a federal court only

if the state courts were first presented with the issue. "Before a state prisoner can use ineffective assistance of counsel as a cause for procedural default, he must first present this claim as an independent claim to the state courts either on direct appeal or in a post-conviction proceeding." *Lemons*, 54 F.3d at 360; *Momient-El v. DeTella*, 118 F.3d 535, 541-542 (7th Cir. 1997). Because petitioner has not presented this claim to all levels of the state courts, this court may not consider counsel's ineffectiveness as an excuse for petitioner's procedural default.

Finally, petitioner fails to present any evidence, or make any argument, that he meets the requirements for the "fundamental miscarriage of justice" excuse for procedural default. Claims one through five, and seven through ten, are dismissed.

**B.     Review on the Merits:  Claim Six**

Respondent argues that the Illinois Appellate Court's decision to allow appellate counsel to withdraw was not "contrary to" or "an unreasonable application of" the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court held that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Under the Seventh Circuit's test for determining whether an *Anders* brief has met constitutional standards, the brief should: (1) identify any feature of the proceeding that a court or another lawyer might conceivably think worth citing to the appellate court as a possible ground of error; (2) sketch the argument for reversal that might be made with respect to each such potential ground of error; and (3) explain why she nevertheless believes that none of these arguments is non-frivolous. *United States v. Edwards*, 777 F.2d 364, 366 (7th Cir. 1985). The *Anders* brief does not, however, "require counsel to submit arguments as detailed as those that would be in a merits brief, but counsel must

7

at least outline the arguments that he will opine are frivolous, and briefly explain the basis for that opinion." *United States v. Fernandez*, 174 F.3d 900, 901 (7th Cir. 1999). Finally, the court does not need to conduct an independent review of the record to "determine whether a more ingenious lawyer might have found additional issues that may not be frivolous." *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1999).

Having reviewed the *Anders* brief and the Illinois Appellate Court's grant of the withdrawal motion, the court finds that the brief was sufficient under *Edwards* and *Anders* and, therefore, the appellate court's decision to grant the motion was not objectively unreasonable. Appellate counsel in this case fulfilled the three *Edwards* requirements by filing a brief with the Illinois Appellate Court in which she explained the facts of the case and then reviewed the possibility of a reasonable doubt and excessive sentence argument, before concluding that these issues were not meritorious issues for appeal. Counsel furnished a copy to petitioner, and informed him that he had the opportunity to respond. Petitioner filed no response prior to the court's ruling,[3] and the appellate court granted counsel's request. In granting the motion, the Illinois Appellate Court stated that it "carefully reviewed the record in this case and the aforesaid brief in compliance with the mandate of the *Anders* decision and find no issues of arguable merit." Based on the above, the court cannot conclude that the appellate court's application of *Anders* was objectively unreasonable. *See United States ex rel. Quinn v. O'Sullivan*, 2000 WL 765087, *4 (N.D. Ill. 2000) (appellate court's decision

---

[3]In its January 12, 2000 order granting the motion to withdraw, the Illinois Appellate Court stated that petitioner did not file any response to counsel's *Anders* brief. Petitioner contends that he filed a "late leave to appeal" which responded to the *Anders* brief and was accepted by the Illinois Supreme Court on October 3, 2000. Despite the fact that petitioner's late submission was accepted, it could not have been considered by the Illinois Appellate Court as it was filed ten months after the ruling.

8

to grant appellate counsel's motion to withdraw was not objectively unreasonable where the court correctly applied *Anders*).

## III. Conclusion

For the reasons explained above, petitioner Marvin Frye's petition for a writ of habeas corpus is denied.

Enter:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

Date: August 21, 2006